UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY HOWARD                                        CIVIL ACTION

VERSUS                                                NO. 16-123-SDD-RLB

OFFICER CHRISTOPHER MCCLURE,
ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 11, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY HOWARD | CIVIL ACTION |
| VERSUS | NO. 16-123-SDD-RLB |
| OFFICER CHRISTOPHER MCCLURE, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss (R. Doc. 14) filed on June 15, 2016, which has been referred to the undersigned for a Report and Recommendation (R. Doc. 15). Defendants seek dismissal of Plaintiff's claims pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and insufficient service of process. Defendants argue that Plaintiff did not serve the Defendants within the time allowed by Rule 4(m) or in a manner allowed by Rule 4(e).

Plaintiff initiated this civil rights action on February 25, 2016, naming as defendants Richard McCloskey, Christopher McClure, and Jason Acree ("Defendants"), all police officers with the Baton Rouge Police Department. (R. Doc. 1).

On May 26, 2016, an individual named Ebony Marcelin accepted service on behalf of each of the Defendants. (R. Docs. 8, 9, and 10).

On June 6, 2016, Plaintiff served a Rule 45 subpoena on Chief Carl Dabadie, Jr. to obtain the last known address of each of the Defendants. (R. Doc. 13).

On June 22, 2016, Plaintiff filed a response to the instant Motion indicating that personal service would be attempted on the Defendants once Plaintiff obtained their addresses. (R. Doc. 16).

1

On June 24, 2016, defense counsel notified Plaintiff's counsel that Kim Brooks obtained consent pursuant to Rule 4(e) to accept service on behalf of the Defendants. (R. Doc. 24-1). Plaintiff has represented to the Court that service was perfected on the Defendants through Ms. Brooks on June 28, 2016. (R. Doc. 24).

The Court has granted leave for the Defendants to file a Reply Memorandum asserting that while service on the Defendants was proper pursuant to Rule 4(e), service was nevertheless untimely pursuant to Rule 4(m). (R. Doc. 25).

Having reviewed the record, the Court finds good cause, pursuant to Rule 4(m), for extending the deadline for service of process up to and including June 28, 2016, the date on which Plaintiff personally served the Defendants through an agent authorized to accept service pursuant to Rule 4(e).[1]

Accordingly,

**IT IS RECOMMENDED** that the Court extend the deadline for service of process up to and including June 28, 2016.

**IT IS FURTHER RECOMMENDED** that in light of the foregoing extension of time to serve pursuant to Rule 4(m), and the agreement of the parties that the Defendants have been properly served in a manner required by Rule 4(e), Defendants' Motion to Dismiss (R. Doc. 14) be **DENIED.**

Signed in Baton Rouge, Louisiana, on July 11, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As the parties have made arrangements for service of process through Kim Brooks, there is no need for Plaintiff to obtain the last known addresses of the Defendants for the purpose of perfecting service. As there is no motion pending before the Court regarding the Rule 45 subpoena served upon Chief Carl Dabadie, Jr., however, the Court will not issue a ruling regarding that subpoena at this time.